

# CT Corporation

**Service of Process Transmittal**
06/11/2014
CT Log Number 525125655

**TO:** Therence O Pickett, V.P., Gen Csl & Secretary
Volvo Group North America, Inc.
7900 National Service Road
Greensboro, NC 27409-

**RE:** **Process Served in Tennessee**

**FOR:** Volvo Trucks North America (Assumed Name) (Domestic State: DE)
Volvo Group North America, Inc. (True Name)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sagamore Insurance Company, etc., Pltf. vs. Volvo Trucks of North America, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Humphreys County Circuit Court at Waverly, TN<br>Case # 10219 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2007 Volvo VNL Tractor, VIN 4V4NC9TK26N426254 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/11/2014 at 10:30 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Evan Nahmias<br>McDonald Kuhn, PLLC<br>5400 Poplar Avenue<br>Suite 330<br>Memphis, TN 38119<br>901-526-0606 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/12/2014, Expected Purge Date: 06/17/2014<br>Image SOP<br>Email Notification, Therence O Pickett therence.pickett@volvo.com<br>Email Notification, Evelyn Moore EVELYN.MOORE@VOLVO.COM<br>Email Notification, Jennifer Brown jennifer.brown@volvo.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |



EXHIBIT A

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| Humphreys County | **STATE OF TENNESSEE** | Case Number |
| --- | --- | --- |
| | **CIVIL SUMMONS** <br> page 1 of 1 | 10219 |

**Sagamore Insurance Company a/s/o GT Truck Line v Volvo Trucks of North America**

Served On: Volvo Trucks of North America c/o Registered Agent CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929

You are hereby summoned to defend a civil action filed against you in __Circuit_ Court, Humphreys County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 6/2/14

Clerk / Deputy Clerk

FILED JUN 02 2014

Elaine Choate
Circuit Court Clerk

Attorney for Plaintiff: Evan Nahmias (19518), McDonald Kuhn, PLLC
5400 Poplar Avenue, Suite 330, Memphis, TN 38119 901-526-0606

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to 100 N. Ct. Sq, Room 106 Clerk, _____ County
Waverly, Tn 37185

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

Volvo Trucks of North America

I certify that I have served this Summons together with the complaint as follows: LINDSEY CUPP

Date: JUN 11 2014

By: WC Bryant #B1864
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff _____  Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.

Rev. 03/11

IN THE CIRCUIT COURT OF HUMPHREYS COUNTY, TENNESSEE

**FILED**

| | | |
|---|---|---|
| SAGAMORE INSURANCE COMPANY a/s/o GT TRUCK LINE | PLAINTIFF | JUN 0 2 2014 |
| VS. | CASE NO. | Elaine Choate Circuit Court Clerk |
| VOLVO TRUCKS OF NORTH AMERICA | DEFENDANT | |

## COMPLAINT

Comes now the Plaintiff, Sagamore Insurance Company a/s/o GT Truck Line and for its Complaint asserts as follows:

1. Volvo Trucks of North America, Inc. is a North Carolina corporation with its principal offices located at 7900 National Service Road, Greensboro, North Carolina 27409 which is registered in the State of Tennessee under the name of Volvo Group North America, LLC and may be served through its registered agent CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

2. The incident giving rise to the instant Complaint occurred in Humphreys County, Tennessee such that this Court has personal jurisdiction over the parties and venue is appropriate herein.

3. Sagamore Insurance Company is an insurer authorized to conduct business in the State of Tennessee and has in effect certain contractual relationship with GT Truck Line.

4. On or about March 15th, 2012, GT Truck Line's employee was hauling certain materials and came to the Pilot Travel Center in Humphreys County, Tennessee. After the driver obtained gas, he parked the tractor and entered the store to shower and grab a snack.

5. GT Truck Line's driver was operating a 2007 Volvo VNL Tractor VIN number 4V4NC9TK26N426254 ("the tractor").

6. After exiting the Pilot gas stop, the driver entered the vehicle and attempted to start the vehicle.

7. The driver was flagged down by a bystander who told him that the vehicle was on fire.

8. The driver attempted to exit by the driver's side door but was unable to do so and instead left by the passenger door.

9. The fire by then was burning extensively and ultimately consumed the tractor, the trailer, and the cargo. As a result of the contract between Sagamore Insurance and GT Truck Line, Plaintiff incurred significant damages to the tractor, its trailers, the cargo, and related expenses.

10. As a direct result of the manufacturing defects described in more detail below and in a consequence thereof, pursuant to its contract, Plaintiff incurred significant damages in an amount not less than $102,118.53.

11. William Peck, Investigations, LLC conducted a preliminary fire origin and cause investigation in which he concluded that the fire originated in the center portion of the dash in an area which contained the vehicle's fuse panel, related wiring and electrical components. Inspection of the fire's area of origin revealed numerous electrical shorts and melted wire..." and ultimately concluded that the fire was a direct and proximate result of defects within the tractor.

12. The fire was a result of a manufacturing defect.

13. As a direct and proximate cause of the tractor's malfunctions, the subject losses were incurred.

## NEGLIGENCE

14. At all times pertinent, Defendants negligently and/or carelessly manufactured, constructed, assembled, inspected, designed, and/or sold the tractor at issue.

15. Defendants breached their duty and as a result Plaintiff's insureds were damaged.

16. Defendants negligently failed to warn of the defective nature of the product.

17. All defects incident to the subject vehicle served as a direct and proximate cause of the damages suffered herein.

## STRICT LIABILITY

18. Without limitation the previously asserted cause of action, the Plaintiff asserts Defendants violation of the Tennessee Products Liability Act of 1978 as found at T.C.A. § 29-28-101 et seq.

19. Defendants are negligent and responsible for the defective condition as defined by T.C.A. § 29-28-102 as the tractor was unsafe for the normal and anticipated use of Defendant's product.

20. Defendant is a manufacturer within the meaning of the Tennessee Products Liability Act of 1978.

21. Plaintiff, through its insured and policy beneficiary, sustained injuries or damages caused by or resulting from the manufacturer, construction, design, formulation, assembly, and warning incident to the subject tractor.

22. Defendant's tractor did constitute a dangerous and defective condition which served as the direct and proximate cause of this accident and the injuries sustained by Plaintiff.

23. The subject product was dangerous and defective at the time it left the hands of the manufacturer and/or seller.

24. As the direct and proximate result of the negligence and omissions of Defendant, Plaintiff sustained damages.

25. When Volvo sold and/or seller distributed the subject tractor same was not fit for its ordinary purpose and should not have been considered merchantable.

26. The tractor was being used for its ordinary purpose and regular purpose at the time of the resulting damage.

27. As a direct and proximate result of the breach of the implied warranty for merchantability and fitness for a particular purpose, Plaintiff sustained damages.

## DAMAGES

28. Plaintiff hereby restates all previous allegations as those stated verbatim.

29. Defendant's acts of negligence and/or omissions served as a direct and proximate cause of the property damage sustained by Plaintiff as recounted above in an amount not less than $102,118.53 (one hundred two thousand one hundred eighteen dollars and fifty three cents).

30. Plaintiff requests prejudgment and post judgment interest as may be deemed appropriate by this Court.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests:

a. A jury be empanelled to decide all factual issues.

b. A judgment be entered against Defendant and in favor of Plaintiff in an amount not less than $102,118.53 (one hundred two thousand one hundred eighteen dollars and fifty three cents);

c. This Court grant relief as requested in this cause; and

d. For all other applicable relief.

Respectfully submitted,

McDonald Kuhn, PLLC

Evan Nahmias (19518)
5400 Poplar Avenue, Suite 330
Memphis, TN 38119
901-526-0606

Page 5 of 5

Case 3:14-cv-01351 Document 1-1 Filed 06/25/14 Page 7 of 7 PageID #: 10