IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SAGAMORE INSURANCE CO.      )
                                   )
v.                               ) NO. 3-14-1351
                                 ) JUDGE CAMPBELL
VOLVO GROUP NORTH        )
AMERICA, LLC               )


MEMORANDUM


Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 21), to which Plaintiff has filed a Response, and Defendant has filed a Reply. For the reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 21) is DENIED.

FACTS

This is a products liability action arising from a fire on March 15, 2012, which began in and consumed a 2007 Volvo VNL tractor truck operated by an employee of GT Truck Line. Plaintiff Sagamore Insurance Company, pursuant to its insurance policy with GT Truck Line, made payments to and/or on behalf of GT Truck Line for damages resulting from the fire. Plaintiff has sued Defendant for the amount of those damages, alleging that the fire was a result of a manufacturer's defect in the tractor.

Defendant has filed a Motion for Summary Judgment, arguing that Plaintiff cannot show that the fire was caused by a specific error in the product's design or construction.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

PRODUCTS LIABILITY

Under the Tennessee Products Liability Act of 1978, a products liability action includes all actions based upon the following theories: strict liability in tort, negligence, and failure to warn. Tenn. Code Ann. § 29-28-102 (6). A manufacturer or seller of a product shall not be liable for any injury caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller. Tenn. Code Ann. § 29-28-105(a).

"Defective condition" means a condition of a product that renders it unsafe for normal or anticipatable handling and consumption. Tenn. Code Ann. § 29-28-102(2). "Unreasonably dangerous" means that a product is dangerous to an extent beyond that which would by contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition.  Tenn. Code Ann. § 29-28-102(8).

Plaintiff must prove that the product was defective, regardless of the legal theory upon which he relies. *Fulton v. Pfizer Hospital Products Group, Inc.*, 872 S.W. 2d 908, 911 (Tenn. Ct. App. 1993).  Under Tennessee law, expert testimony is required to establish liability in cases alleging manufacturing and design defects.  *Pride v. BIC Corp.*, 218 F.3d 566, 580 (6th Cir. 2000).

## DISCUSSION

Defendant argues that it is entitled to summary judgment because Plaintiff cannot meet its burden to trace the fire to some specific error in the product's construction or design. Defendant contends that Plaintiff's expert, Mr. Peck, attributes the fire to an electrical short, but he does not know what caused the short and he does not know which specific wire or circuit failed.

In his deposition, however, Mr. Peck stated that the specific defect was "multiple shorts occurring in the wiring in the fuse panel and breaker panel area in Volvo trucks that resulted in a failure of breakers.  The breakers failed and then resulted in a fire."  Docket No. 22-1, p. 51.  Mr. Peck also testified that the recall repair proposed by Volvo (replacing the breakers with fuses) would not eliminate all the failures or the shorts that were occurring. *Id*.  He disagreed with counsel's

statement that the condition that resulted in the recall had been eliminated by the work done as a result of the recall.  *Id*., p. 97.

Plaintiff has also filed a document produced by Volvo in discovery concerning the recall, in which Volvo admits to the National Highway Traffic Safety Administration that "The percentage of the 125,000 vehicles expected to contain the *defect* is unknown."  Docket No. 28-1, p.1. Volvo also admits that "The circuit protection (i.e., automatic circuit breakers) used to protect the vehicle lighting system may not provide adequate protection.  If a short circuit occurs and is left untreated, components and wiring may be subject to overheating which could potentially result in a vehicle fire."  *Id*., p. 2.

In light of these admissions and Mr. Peck's opinions, Plaintiff has carried its burden to show genuine issues of material fact which preclude summary judgment. A jury must determine what credibility and weight to give to this evidence.

Accordingly, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.


_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE